UNITED STATES DISTRICT COURT
For the
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MURRAY ENGINEERING, P.C.<br><br>-against-<br><br>CHARLES CHRISTOPHER REMKE, also known as C. CHRISTOPHER REMKE, also known as CHARLES C. REMKE,<br>JOSEPH CRAIG BLOCKNO, also known as JOSEPH C. BLOCKNO,<br>MARK LINE INDUSTRIES, LLC, and MOSAIC CAPITAL GROUP, LLC, collectively, formerly doing business as, MARKLINE INDUSTRIES and MOSAIC CAPITAL,<br><br>Defendants. | Civil Action No.:<br><br>**VERIFIED COMPLAINT**<br><br>Jury Trial: No |

Plaintiff, Murray Engineering, P.C. ("Murray" or "Plaintiff"), by its attorneys, The Schutzer Group, PLLC, as and for its Verified Complaint against Defendants Charles Christopher Remke, Joseph Craig Blockno, Mark Line Industries, LLC and Mosaic Capital Group, LLC (collectively, the "Defendants") avers as follows:

## THE PARTIES

1. At all times herein, Plaintiff was and still is a domestic professional business corporation incorporated under the laws of the State of New York, with a place of business located at 307 Seventh Avenue, Suite 1001, New York, New York 10001.

2. Defendant Mark Line Industries, LLC ("Mark Line"), having its principal place of business located at 51687 County Road 133, Bristol, Indiana.

3. Defendant Mosaic Capital Group, LLC ("Mosaic Capital"), having its principal place of business at 121 South Orange Avenue, Suite 1527, Orlando, Florida, is the parent company of Mark Line.

4. Defendant Charles Christopher Remke ("Remke"), is also known as C. Christopher Remke and Charles C. Remke, maintains a principal place of residence located at 834 Kendall Drive, Nashville, Tennessee 37209 and is the President and C.E.O. of Mosaic Capital and/or Mark Line.

5. Defendant Joseph Craig Blockno, is also known as Joseph C. Blockno ("Blockno"), maintains a principal place of residence located at 13831 Orange Crest Drive, Windermere, Florida 34786 and is the founder and Managing Principal of Mosaic Capital and/or Mark Line.

## BASIS FOR JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this matter involves a dispute among citizens of different states and the amount in controversy exceeds $75,000.00

7. Venue is proper in this district under 28 U.S.C. § 1391 because: (1) the Plaintiff resides in this district; and (2) a substantial part of the events or omissions giving rise to the claims herein accrued in this district.

## NATURE OF THE ACTION

8. This is an action for piercing the corporate veil, breach of contract, quantum meruit, account stated, unjust enrichment, violation of General Business Law Article 35E, promissory estoppel, breach of fiduciary duty, breach of constructive trust, conversion, fraudulent inducement, violation of Debtor Creditor Law §§ 273, 274, 275 and 276 and violation of Business Corporation Law § 717, all relating to unpaid professional structural engineering services provided by Plaintiff with regard to various projects for the improvement of real property, in the total principal sum of $119,654.00.

## FACTS

9. Defendants Remke and Blockno were and/or the sole shareholders and/or were/are in exclusive control of Mark Line and Mosaic Capital (Mark Line and Mosaic, shall collectively be referred to as the "Markline Corps").

10. At all times relevant herein the Remke and Blockno maintained exclusive control over all of the Markline Corps' significant business decisions.

11. At all times relevant herein Remke and Blockno maintained exclusive control of the profits of the Markline Corps.

12. At all times relevant herein Remke and Blockno maintained exclusive control of the books and records of the Markline Corps.

13. At all times relevant herein Remke and Blockno maintained exclusive control of all the checking accounts of the Markline Corps.

14. At all times relevant herein Remke and Blockno failed to properly capitalize the Markline Corps.

15. Remke and Blockno intermingled the assets of the Markline Corps with each of the other Markline Corps and with their own personal assets.

16. Remke and Blockno transferred assets of the Markline Corps to Remke and Blockno individually causing the Markline Corps to become insolvent.

17. Remke and Blockno have closed the Markline Corps and caused the Markline Corps to stop doing business, close their doors and no longer have any employees nor any assets.

18. Remke and Blockno fraudulently conveyed the assets of the Markline Corps in an attempt to escape the Markline Corps' obligations to its creditors, including the Plaintiff.

19. Remke and Blockno used the Markline Corps as a mere instrumentality, agent, alter ego and facade in an attempt to erect a corporate veil.

20. As a matter of equity, Remke and Blockno should be held jointly responsible and liable for the debts of the Markline Corps to avoid injustice.

## AS A FIRST CAUSE OF ACTION
### (Breach of Contract)

21. Plaintiff incorporates by reference the allegations contained in the above paragraphs.

22. Upon information and belief, beginning on or before June 29, 2016 and continuing thereafter through on or about April 4, 2017, the various owners (collectively, the "Owners") of the real properties respectively known as: 2226 Ocean Avenue, Brooklyn, New York; Sea Breeze Estates, Marine Street, City Island, Bronx, New York; 700 Bangs Avenue, Asbury Park, New Jersey; and Seabra Hotel, Newark, New Jersey (collectively, the "Premises") and Defendants entered into a various contracts (collectively the "Prime Contracts"), pursuant to which Defendants agreed to act as General Contractor for the construction and/or improvements at the Premises (collectively, the "Projects"). Plaintiff begs leave to refer to said contract for all its terms and conditions as if the same were set forth fully and in their entirety herein, as the same will be produced upon the trial of this action.

23. Beginning on or before June 29, 2016 and continuing thereafter through on or about April 4, 2017, Defendants and Plaintiff entered into various agreements (collectively, the "Base Contracts") for Plaintiff to provide of certain services, equipment and materials relating to the Prime Contracts and/or the Projects (collectively, the "Base Work").

24. Thereafter, Defendants and Plaintiff entered into a series of supplemental agreements (collectively, the "Change Orders") relating to additions to the scope of the Base Work. The work relating to the Change Orders, shall, collectively with the Base Work, be referred to as, the "Work"). The Change Orders, shall, collectively with the Base Agreement, be referred to as, the "Agreement").

25. Beginning on and about June 29, 2016, Plaintiff began its performance of the Work.

26. At all times herein Plaintiff was and is in full compliance with and had not breached the terms of the Agreement and has duly performed all of its duties under the Agreement.

27. As of May 1, 2017, Plaintiff had duly performed each and every obligation on its part to be performed under the Agreement excepting those obligations for which performance was waived by the Defendants.

28. On or before of May 1, 2017, Defendants was in default of the Agreement, as result of Defendant's failure to make payments required to be made to Plaintiff pursuant to the Agreement.

29. Pursuant to the terms of the Agreement, any amounts unpaid 60 days after the date of the original invoice for such unpaid amount will accrue interest at the rate of 1.5% per month.

30. Despite Plaintiff's due demand there for, Defendants have failed to make payments required under the Agreement there remains an unpaid balance of $119,654.00 together with interest thereon at the rate of 1.5% per month from July 1, 2017.

31.   Pursuant to the terms of the Agreement, Defendants also agreed to be held responsible to reimburse Plaintiff for legal fees incurred in the event of Defendants breach of the Agreement.

32.   Plaintiff has and/or will incur a minimum of $39,884.67 of legal fees in order to collection the unpaid balance due from Defendant under the Agreement.

33.   Accordingly, Defendant owes Plaintiff the sum of $119,654.00 together with interest of 1.5% per month from July 1, 2017, attorneys fees of a minimum sum of $39,884.67, together with the costs of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Action for Payment for Goods Sold and Delivered and Labor Performed)

34.   Plaintiff incorporates by reference the allegations contained in the above paragraphs.

35.   During the period from on or about June 29, 2016 through on or about May 1, 2017, Plaintiff performed the Work at the express and/or implied request of Defendants.

36.   The aforesaid services and delivered and the labor performed relating to the Projects and which remain unpaid are valued at $119,654.00.

37.   Plaintiff demanded payment of said sum and Defendants have refused to make payment on $119,654.00 of such amount.

38.   Therefore, Defendants are liable to Plaintiff in the amount of $119,654.00.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Account Stated)

39.   Plaintiff incorporates by reference the allegations contained in the above paragraphs.

40. That heretofore, Plaintiff rendered to Defendants, full and true accounts of the indebtedness owing by the Defendants as a result of the Agreement.

41. Defendants accepted Plaintiff's invoices and/or account statements without objection and made partial payments in response thereto, resulting in an account stated for the amount set forth above.

42. As a result, Defendants are liable to Plaintiff in the sum of $119,654.00 together with interest of 1.5% per month from July 1, 2017, attorneys fees of a minimum sum of $39,884.67, together with the costs of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

43. Plaintiff incorporates by reference the allegations contained in the above paragraphs.

44. At Defendants express and/or implied request and to the benefit of Defendants, Plaintiff provided goods and services for which Defendants failed to provide Plaintiff with compensation.

45. The reasonable value of the unpaid goods and services provided by Plaintiff are $119,654.00.

46. As a result, Defendants were unjustly enriched in the amount of $119,654.00 at the expense of Plaintiff.

47. By reason of the foregoing, Plaintiff is entitled to judgment against Defendants for unjust enrichment in the sum of $119,654.00.

## AS A FIFTH CAUSE OF ACTION
### (Violation of General Business Law, Article 35E As Against the Defendants)

48. Plaintiff incorporates by reference the allegations contained in the above paragraphs.

49. Upon information and belief, the Agreement and/or the Work are intended to be covered by the New York State General Business Law, Article 35E (commonly known as the Prompt Payment Act), which mandates that all construction contractors, such as Defendants, timely remit payment to subcontractors, such as Plaintiff, retained by the general contract to perform construction services.

50. In breach and violation of New York State law, Defendants have failed and refused to timely process invoices and remit payment to Plaintiff for the Work performed by Plaintiff pursuant to the Agreement.

51. Defendants have failed to timely and properly object to any invoice or payment application submitted to it by Plaintiff in relation to the Work performed by Plaintiff pursuant to the Agreement as required by the Prompt Payment Act.

52. As a result, Defendants, as a matter of law, waived their right and ability to contest the Work performed by Plaintiff pursuant to the Agreement and Defendants are therefore liable to Plaintiff for the sum of $119,654.00 together with interest of 1.5% per month from July 1, 2017, attorneys fees of a minimum sum of $39,884.67, together with the costs of this action.

## AS A SIXTH CAUSE OF ACTION
### (Promissory Estoppel)

53. Plaintiff incorporates by reference the allegations contained in the above paragraphs.

54. In response to Plaintiff's numerous demands for payment for the Work, Defendants made clear and unambiguous promises to pay Plaintiff for the Work for the full amounts owed under the Agreement.

55. Plaintiff actually relied upon the Defendants' promises by continuing to provide additional labor and materials relating to the Projects and/or delaying and/or

foregoing in the filing of a mechanic's lien against the Premises and such reliance was reasonable and foreseeable.

56. Defendants received and accepted the Work but have failed for pay Plaintiff for such despite their promises.

57. As a result Plaintiff has incurred damages in the sum of $119,654.00 together with interest of 1.5% per month from July 1, 2017, attorneys fees of a minimum sum of $39,884.67, together with the costs of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
#### (Breach of Fiduciary Duty)

58. Plaintiff repeats and realleges the allegations contained in the above paragraphs.

59. Defendants received payments from the Owners for the Work.

60. Defendants were under a fiduciary duty to distribute and pay Plaintiff from the moneys Defendants' received from the Owners.

61. Defendants knowingly breached their fiduciary duty to and intentionally caused damage to Plaintiff by failing and refusing to pay Plaintiff the sums due Plaintiff for the Work from the proceeds received from the Owners.

62. That by the breach of their fiduciary duty owed to Plaintiff, Plaintiff has been damaged in the amount of $119,654.00 together with interest of 1.5% per month from July 1, 2017, attorneys fees of a minimum sum of $39,884.67, together with the costs of this action.

### AS A EIGHTH CAUSE OF ACTION
#### (Breach of Constructive Trust)

63. Plaintiff incorporates by reference the allegations contained in the above paragraphs.

64. The amounts Defendants received from the Owners for improvements to the Premises constitute trust proceeds to which Plaintiff is the beneficiary (collectively, the "Trust Funds").

65. Upon Defendants' receipt of the Trust Funds, Defendants became the trustee of the constructive trust of said trust funds and thereby owed a fiduciary duty to pay said trust funds to Plaintiff.

66. Defendants, as trustees, promised to pay Plaintiff the amount unpaid for the Work.

67. Defendants caused Plaintiff to rely on Defendants' promises of payment to Plaintiff's detriment.

68. Defendants breached said constructive trust by failing to remit the sum of $119,654.00 to Plaintiff despite Plaintiff's due demand therefore.

69. As a result of Defendants' breach of said constructive trust, Defendants have been unjustly enriched in the sum of $119,654.00 together with interest of 1.5% per month from July 1, 2017, attorneys fees of a minimum sum of $39,884.67, together with the costs of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Conversion)

70. Plaintiff incorporates by reference the allegations contained in the above paragraphs.

71. Plaintiff is entitled to payment from Defendants for the full amount demanded pursuant to the terms of the Agreement and/or for the Work on the Premises.

72. Defendants received payments from the Owners directly relating to Plaintiff's supply and delivery of the Work, the Trust Funds, and the sum of the Trust Funds is greater than the outstanding amount due to Plaintiff pursuant to the Agreement.

73. Therefore $119,654.00 of the Trust Funds is rightfully the property of the Plaintiff and/or Plaintiff has immediate superior rights of possession to Defendants.

74. Despite Plaintiff's demands for the amounts due from Defendants under the Agreement and Defendants' receipt of the Trust Funds, Defendants have failed and refused to pay Plaintiff the sum of $119,654.00.

75. Defendants have wrongfully and without authorization converted all of the Trust Funds to their own use.

76. Defendants' conversion of the Trust Funds and its continued refusal to remit $119,654.00 of said amount to Plaintiff was and is willful and malicious and said conduct is egregious and directed at Plaintiff and, upon information and belief, is part of a pattern of similar conduct directed at all of Defendants' suppliers.

77. Remke and Blockno knowingly participated in the conversion of the Trust Funds.

78. By reason of the above, Plaintiff has sustained damages in the sum of 119,654.00 together with interest of 1.5% per month from July 1, 2017, attorneys fees of a minimum sum of $39,884.67, together with the costs of this action.

79. Additionally, as Defendants' conduct is so morally culpable and is actuated by Defendants' evil and reprehensible motive to defraud its suppliers for its own pecuniary gain, in order to deter Defendants as well as others who might otherwise be so prompted, from indulging in similar conduct in the future, Plaintiff should be awarded punitive damages of at least $120,000.00.

### AS A TENTH CAUSE OF ACTION
### (Fraudulent Inducement)

80. Plaintiff incorporates by reference the allegations contained in the above paragraphs.

81. At the request of the Defendants and in actual reliance upon their promises of payment (collectively, the "Promise"), Plaintiff performed additional work relating to the Projects and forewent filing of mechanics lien relating to the Premises in anticipation of receiving payment at that time in the amount of $119,654.00 from Defendants.

82. The Promise was clear and unambiguous and was made in order to induce Plaintiff to refrain from filing a mechanic's lien against the Premises.

83. Plaintiff actually relied upon the by providing additional work relating to the Projects and/or forgoing the filing of a mechanic's lien against the Premises and such reliance was reasonable and foreseeable.

84. Defendants knew, at the time they made the Promise, that such representations were false and that Defendants had no intention of ever paying the outstanding balance owed to Plaintiff for the Work.

85. Defendants, as successful real estate investors/developers, had the special expertise and were in a special position of confidence and trust and/or had a special duty to Plaintiff above and beyond the Agreement, such that Plaintiff's reliance upon the Promise was reasonable.

86. But for the Plaintiff's reliance on the Promise, Plaintiff would have refused to perform additional work relating to the Projects and/or filed mechanics liens against the Premises based upon the unpaid Work, and the Owners would have forced Defendants to pay Plaintiff.

87. The Promise was a material misrepresentation, known by Defendants to be false, made with the willful wanton & malicious intention by Defendants to induce reliance by Plaintiff, and, in fact, Plaintiff did rely upon the promises and assurances of payment by Defendants.

88. That by the commission of this fraudulent inducement Plaintiff has been financially damaged in the amount of $119,654.00 together with interest of 1.5% per month from July 1, 2017, attorneys fees of a minimum sum of $39,884.67, together with the costs of this action.

89. That as a result of the fraudulent inducement perpetrated by the Defendants upon Plaintiff is entitled to punitive damages in the sum of not less than $120,000.00.

## AS A ELEVENTH CAUSE OF ACTION
### (Violation of Debtor Creditor Law § 273)

90. Plaintiff repeats and realleges the allegations contained in the above paragraphs.

91. Plaintiff is a creditor of the Markline Corps within the meaning of Section 270 of the Debtor and Creditor law of the State of New York.

92. All or a portion of the Trust Funds were paid to the Markline Corps by the Owners.

93. Prior to their dissolution the Markline Corps possessed assets, including but not limited to the Trust Funds.

94. Upon the dissolution of the Markline Corps, Remke and Blockno conveyed all the assets of the Markline Corp to themselves individually, to other entities they own or control or to related third parties (collectively, the "Conveyance").

95. The Conveyance was made without fair consideration and rendered the Markline Corps insolvent in that the value of their assets after the Conveyance was less than the amount that was required to pay its liability on its existing debts as they became absolute and matured, such as the amount owed to Plaintiff for the Work.

96. As a direct result of the Conveyance, Plaintiff, as a creditor of the Markline Corps, was injured, for which Remke and Blockno are therefore personally liable to Plaintiff for all amounts owed by the Markline Corps relating to Defendants breach of the Agreement.

### AS A TWELFTH CAUSE OF ACTION
(Violation of Debtor Creditor Law § 274)

97. Plaintiff repeats and realleges the allegations contained in the above paragraphs.

98. Upon information and belief, Defendants intermingled the assets of the Markline Corps with their own assets and the assets of the other Markline Corps for their own personal use.

99. Upon information and belief, Defendants transferred assets of the Markline Corps the other related entities or parties and/or to Remke and Blockno, individually.

100. After the Conveyance, the Markline Corps insolvent or about to become insolvent.

101. After the Conveyance, the Markline Corps were undercapitalized.

102. Remke and Blockno fraudulently conveyed the assets of the Markline Corps in an attempt to escape the obligations of the Markline Corps to its creditors.

103. As a direct result of the Conveyance, the Markline Corps were left with no capital with which to pay their creditors.

104. Therefore as Plaintiff is a creditor of the Markline Corps, the Conveyance was fraudulent and injured Plaintiff, for which Remke and Blockno are therefore personally liable to Plaintiff for all amounts owed by the Markline Corps relating to its breach of the Agreement.

## AS A THIRTEENTH CAUSE OF ACTION
### (Violation of Debtor Creditor Law § 275)

105. Plaintiff repeats and realleges the allegations contained in the above paragraphs.

106. The Conveyance was made without fair consideration and was made with the intent and/or the knowledge that the Conveyance would render the Markline Corps unable to pay their debts as they became due.

107. As a direct result of the Conveyance, the Plaintiff was injured.

108. Therefore, Remke and Blockno are personally liable to Plaintiff for all amounts owed by the Markline Corps relating to its breach of the Agreement with Plaintiff, as well as, Plaintiff's reasonable attorneys' fees incurred related to this action pursuant to N.Y. Debtor Creditor Law § 276-a.

## AS A FOURTEENTH CAUSE OF ACTION
### (Violation of Debtor Creditor Law § 276)

109. Plaintiff repeats and realleges the allegations contained in the above paragraphs.

110. Remke and Blockno made the Conveyance with the actual intent to hinder, delay and/or defraud the present and future creditors of the Markline Corps.

111. As a direct result of the Conveyance, Plaintiff was injured, for which Remke and Blockno are therefore personally liable to Plaintiff for all amounts owed by the Markline Corps relating to its breach of their agreement(s) with Plaintiff, as well as, Plaintiff's reasonable attorneys' fees incurred related to this action pursuant to N.Y. Debtor Creditor Law § 276-a.

## AS A FIFTHTEENTH CAUSE OF ACTION
### (Violation of Business Corporation Law § 717)

112. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

113. N.Y. Business Corporation Law § 717 imposes a duty in favor of Plaintiff, as the creditor the Markline Corps, upon Remke and Blockno as directors of the Markline Corps, to manage the Markline Corps "in good faith and with that degree of care an ordinarily prudent person in a like position would use under similar circumstances."

114. The Conveyances, under the direction and control of Remke and Blockno, were a breach of their statutory duties under Business Corporation Law § 717 and therefore Remke and Blockno should be personally liable for the debts of the Markline Corps.

WHEREFORE, Plaintiff respectfully requests this court for judgment that:

A. As to the first, third, fifth through eighth, and eleventh through fifteenth causes of action against Defendants in the amount of $119,654.00 together with interest of 1.5% per month from July 1, 2017, attorneys fees of a minimum sum of $39,884.67, together with the costs of this action;

B. As to the second and fourth causes of action against Defendants in the amount of $119,654.00 with interest thereon from May 1, 2017, together with the costs of this action;

C. As to the ninth and tenth causes of action against Defendants in the amount of $119,654.00 together with interest of 1.5% per month from July 1, 2017, attorneys fees of a minimum sum of $39,884.67, as well as

punitive damages of at least $120,000.00, together with the costs of this action; and

D. Plaintiff to have such other, further or different relief as the Court may determine as just, proper and equitable in the circumstances;

Dated: August 15, 2017  
New York, New York

THE SCHUTZER GROUP, PLLC

_____  
By: Eric P. Schutzer, Esq.  
*Attorney for Plaintiff:*  
*Office and Post Office Address:*  
330 Seventh Avenue, 15th Floor  
New York, NY 10001  
(212) 714-0700 phone  
(212) 714-0703 facsimile  
ericschutzer@theschutzergroup.com

## VERIFICATION

STATE of New York, County of New York ss:

The undersigned, being duly sworn, deposes and says: I am an officer of the Plaintiff, which is a New York professional business corporation; I have read the foregoing complaint, and the same is true to my knowledge, except for those matters alleged upon information and belief, and as to those matters, I believe it to be true; the grounds of my belief as to all matters stated upon my knowledge are the Plaintiff's records maintained in the regular course of business, it being within Plaintiff's regular course of business to maintain such records.

_____
for Murray Engineering, P.C.
Plaintiff

On the 16th day of August in the year 2017, before me, the undersigned personally appeared Robert J. Murray.

Personally know to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s) or person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Jessica D. Corcino
Notary Public - State of New York
No. 01CO6285325
Qualified in Kings County
My Commission Expires 7/1/2021